ALD-207                                       **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1652
_____

IN RE:  GREGORY JONES,
                                             Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 2:06-cr-00164-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 17, 2014

Before:  RENDELL, FISHER and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 29, 2014)

_____

OPINION
_____

PER CURIAM

Federal prisoner Gregory Jones, proceeding pro se, petitions for a writ of

mandamus directing the United States District Court for the Eastern District of

Pennsylvania to unseal and provide him with a copy of a sentencing hearing transcript

prepared in his co-conspirator's case.  For the reasons that follow, we will deny the

petition.

1

I.

In 2007, Jones pleaded guilty to a nine-count superseding indictment that stemmed

from his manufacture and sale of counterfeit credit cards and identification documents.

On May 30, 2008, District Judge Eduardo C. Robreno sentenced Jones to 144 months'

imprisonment and three years' supervised release, and ordered that Jones pay more than

$300,000 in restitution. A few days later, Jones filed a notice of appeal challenging that

judgment. That appeal was docketed at C.A. No. 08-2638.

Shortly thereafter, District Judge William H. Yohn, Jr., sentenced Jones's co-

conspirator, Brian Lee Morgan, who had pleaded guilty to five counts. Morgan, whose

case was docketed separately from Jones's case,[1] was sentenced to 75 months'

imprisonment and three years' supervised release, and was ordered to pay more than

$400,000 in restitution.[2] Although Morgan's sentencing was held in open court, the

transcript of that proceeding was later sealed. In July 2008, Jones, through his lawyer,

Jerry S. Goldman, sent a letter to Judge Yohn requesting that this transcript be unsealed.

Judge Yohn denied that request and later denied Jones's motion for reconsideration.

No appeal was taken from either of Judge Yohn's rulings on the transcript issue.

Instead, Jones attacked them in his opening brief in C.A. No. 08-2638. In June 2009, we

affirmed the judgment of sentence imposed by Judge Robreno and concluded that Jones's

---

[1] Jones's case was assigned District Court docket number 2:06-cr-00367-001, while
Morgan's case was assigned District Court docket number 2:06-cr-00164-001.
[2] One of Morgan's guilty counts was later vacated by Judge Yohn in light of an
intervening United States Supreme Court decision. Judge Yohn then resentenced Morgan
to 68 months' imprisonment. Morgan's term of supervised release and the amount of
restitution, however, remained the same.

challenge to Judge Yohn's rulings was not properly before us because Jones could have directly appealed from those rulings. See United States v. Jones, 332 F. App'x 801, 809 (3d Cir. 2009) [hereinafter Jones I]. In March 2010, the Supreme Court denied Jones's petition for a writ of certiorari.

In March 2011, Jones filed a pro se motion with Judge Robreno, seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. One of the several claims raised in that motion was an allegation that Goldman had provided ineffective assistance of counsel when he failed to appeal from Judge Yohn's rulings on the transcript issue. In December 2011, Judge Robreno denied Jones's § 2255 motion. In doing so, Judge Robreno concluded that even if Goldman's performance was deficient, Jones's ineffectiveness claim still failed because Jones was not prejudiced by the failure to appeal from Judge Yohn's rulings. Jones then appealed from the denial of his § 2255 motion, but we denied his request for a certificate of appealability. See C.A. No. 12-1811.

Undeterred, Jones now seeks a writ of mandamus directing the District Court to unseal the aforementioned transcript and forward a copy to him.

II.

A writ of mandamus is a drastic remedy that is available in extraordinary circumstances only. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain mandamus relief, a petitioner must establish that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks

3

omitted). Mandamus is not a substitute for an appeal, and "a writ of mandamus may not issue if a petitioner can obtain relief by appeal." Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996).

Jones has not demonstrated that this case presents extraordinary circumstances warranting mandamus relief. As we explained in Jones I, he could have taken an appeal from Judge Yohn's rulings refusing to unseal Morgan's sentencing hearing transcript. Such an appeal provided an adequate means for Jones to challenge those rulings and potentially obtain the underlying relief that he seeks here — access to the transcript.[3] Although Jones continues to blame Goldman for failing to file that appeal, that ineffectiveness claim was previously raised and rejected, and Jones cannot rely on it to obtain relief here.

In light of the above, we will deny Jones's mandamus petition.

---

[3] In making this statement, we in no way decide the merits of that challenge.

4